METHVIN V. COSSETTE, 11 CV 959 (JBA)

2/21/12 – ELECTRONIC ENDORSEMENT GRANTING IN PART PLAINTIFF'S MOTION TO COMPEL (Dkt. #55).

On June 15, 2011, plaintiff filed this § 1983 action against five members of the Meriden Police Department and the City of Meriden, arising out of an incident occurring on October 5, 2010, in which plaintiff allegedly was injured by defendant Police Officer Evan Cossette. (Dkt. #1). An Amended Complaint was filed the next day (Dkt. #7), followed by a [Second] Amended Complaint, filed July 2, 2011 (Dkt. #19), which alleges § 1983 violations against defendant Evan Cossette and three other police officers (Count One), and Monell claims against Chief of Police Jeffry Cossette and the City of Meriden (Count Two). Under the Scheduling Order filed by U.S. District Judge Janet Bond Arterton on October 6, 2011 (Dkt. #42), all discovery is to be completed by December 1, 2012. On January 25, 2012, Judge Arterton referred discovery disputes to this Magistrate Judge. (Dkt. #56).

At issue here are three discovery requests (Dkt. #55, Brief at 3-12; Dkt. #57, at 2-10 & Exh. A).

Interrogatory No. 21, directed to defendant Police Officers Topulos, Caponigro, and Milslagle, asks whether since October 5, 2010, they have been terminated, suspended, removed, laid off, reduced in rank, disciplined or warned by any employer concerning any employment activity or conduct, and if so, to provide more detail of their action and their employer's response. The law is well-settled in this district that such discovery is permissible, but only to the extent that the other employment actions were related to the allegations in this lawsuit. See, e.g., Badolato v. Adiletta, No. 3:10 CV 1855 (JBA), 2012 WL 28704, at *2 (D. Conn. Jan. 5, 2012); Laws v. Cleaver, No. 3:96 CV 92 (JGM), 1999 WL 33117449, at *3-4 (D. Conn. Nov. 17, 1999). See also Thompson v. City of New York, No. 05 Civ. 3082 (PAC)(JCF), 2006 WL 298702, at *3-4 (S.D.N.Y. Feb. 7, 2006); Fountain v. City of New York, No. 03 Civ. 4526 (RWS), 2004 WL 941242, at *2-3 (S.D.N.Y. May 3, 2004); Reyes v. City of New York, No. 00 Civ. 2300 (SHS), 2000 WL 1528239, at *1-2 (S.D.N.Y. Oct. 16, 2000); Beckford v. City of New York, No. CV-85-0206, 1988 WL 101331, at *2-3 (E.D.N.Y. Sept. 21, 1988); Cincotta v. City of New York, No. 83 Civ. 7506 (KTD), 1984 WL 1210, at *3-4 (S.D.N.Y. Nov. 14, 1984). Therefore, defendants Topulos, Caponigro, and Milslagle will respond to Interrogatory No. 5, but only to the extent that the other conduct concerned any alleged failure to intervene and/or deliberate indifference to an arrestee's serious medical needs, while employed as a police officer, since October 5, 2010. Defendants shall respond **on or before March 16, 2012**.

Request for Production No. 5, directed to defendant City of Meriden, seeks a copy of all personnel files for each of the five individual defendants. Because much of the material in these personnel files is likely to be completely irrelevant to the issues raised in this lawsuit, **on or before March 19, 2012**, defendant City of Meriden shall provide copies of these personnel files to this Magistrate Judge's Chambers for her in camera review. See Thompson, 2006 WL 298702, at *3-4; Fountain, 2004 WL 941242, at *2-3; Reyes, 2000 WL 1528239, at *1-2; Martin v. Lamb, 122 F.R.D. 143, 147-48 (W.D.N.Y. 1988); Beckford, 1988 WL 101331, at *2-3; Cincotta, 1984 WL 1210, at *3-4.

<u>Request for Production No. 7</u>, also directed to defendant City of Meriden, seeks a copy of each document that indicates that disciplinary action was taken against an employee/agent of the Meriden Police Department as a consequence of the commencement of an investigation or filing of an internal or civil complaint from January 1, 2005 to the present.  For the same reasons as stated with respect to Interrogatory No. 21 <u>supra</u>, defendant City of Meriden shall provide copies only of disciplinary actions, against its police officers, for alleged excessive force, failure to intervene, and/or deliberate indifference to an arrestee's serious medical needs, from January 1, 2009 to the present.  Defendant City of Meriden shall produce these documents to plaintiff's counsel **on or before March 19, 2012**; if there are any documents for which defendant City of Meriden seeks this Magistrate Judge's <u>in camera</u> review, prior to production to plaintiff's counsel, then such documents shall be delivered to her Chambers by that day.

This is not a Recommended Ruling but a Ruling on discovery, the standard of review of which is specified in 28 U.S.C. § 636; FED. R. CIV. P. 6(a), 6(e) & 72; and Rule 2 of the Local Rules for United States Magistrate Judges.  As such, it is an order of the Court unless reversed or modified by the District Judge upon timely made objection.

See 28 U.S.C. § 636(b)**(written objections to ruling must be filed within fourteen calendar days after service of same);**  FED. R. CIV. P. 6(a), 6(e) & 72; Rule 72.2 of the Local Rules for United States Magistrate Judges, United States District Court for the District of Connecticut; <u>Small v. Secretary, H&HS</u>, 892 F.2d. 15, 16 (2d Cir. 1989)**(failure to file timely objection to Magistrate Judge's recommended ruling may preclude further appeal to Second Circuit);** <u>Caidor v. Onondaga County</u>, 517 F.3d 601, 603-05 (2d Cir. 20008)**(failure to file timely objection to Magistrate Judge's discovery ruling will preclude further appeal to Second Circuit)**.